# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff*,

vs.

ERNESTO HERNANDEZ-LIZARDI,

    *Defendant.*

Case No.10-10136-01-EFM

## MEMORANDUM AND ORDER

In August 2010, a Kansas Highway Patrol ("KHP") trooper pulled over an extended-cab pickup owned and driven by Defendant, Ernesto Hernandez-Lizardi, an illegal alien. One other individual was in the pickup. Defendant's pickup was searched by the trooper, which resulted in the discovery of three firearms – one was located in the springs of the backseat and the other two were found in a speaker box located beneath the backseat – and a cell-phone box that contained ammunition for at least two of the firearms. In May 2011, a jury returned guilty verdicts on Counts One and Two of the Indictment charging Defendant with being an illegal alien and possessing firearms and ammunition in violation of 18 U.S.C. § 922(g)(5). Believing the Government's evidence to be insufficient to sustain the verdict, Defendant, pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure, now moves the Court for a judgment of acquittal (Doc. 87).

Following the jury's return of a guilty verdict, the Court may, upon motion, set aside the verdict and enter a judgment of acquittal.[1] When the sufficiency of the supporting evidence is

---

[1] *See* Fed. R. Crim. P. 29(c).

challenged, the Court must examine the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2] While the Government's evidence must do more than merely raise a suspicion of guilt,[3] it need not conclusively exclude every other reasonable hypothesis or negate all possibilities of guilt.[4] Simply put, reversal is warranted "only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[5]

To prevail under 18 U.S.C. § 922(g)(5), the Government needs to prove three elements: (1) that the defendant was an alien unlawfully present in the United States; (2) that the defendant thereafter possessed a firearm and/or ammunition; and (3) the firearm and/or ammunition had been shipped in interstate commerce.[6] Here, Defendant only contends that element two, possession, was not met. Possession may be actual or constructive.[7] A person is considered to have constructive possession of contraband when he "knowingly hold[s] the power and ability to exercise dominion and control over it."[8] In cases where the seized contraband is found in a jointly occupied vehicle, it typically is not enough for the Government to merely show that the defendant was in the vehicle,

---

[2]*See, e.g., United States v. Bailey*, 327 F.3d 1131, 1140 (10th Cir. 2003).

[3]*See, e.g., United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987).

[4]*See, e.g., United States v. Vallejos*, 421 F.3d 1119, 1122 (10th Cir. 2005).

[5]*Id.*

[6]*Cf. United States v. Colonna*, 360 F.3d 1169, 1178 (10th Cir. 2004) (discussing the elements for proving a violation of § 922(g)(1), the statutory provision prohibiting felons from possessing firearms).

[7]*See, e.g., United States v. King*, 632 F.3d 646, 651 (10th Cir. 2011).

[8]*Id.* (alteration in original).

rather, it must produce evidence capable of establishing some nexus, link, or other connection between the defendant and the discovered contraband.[9]

Based on his motion, it appears that Defendant believes that the jury's verdict should be set aside for two reasons: first, the Government did not present direct evidence, either forensic or testimonial, showing that he had ever handled the seized firearms or ammunition, and second, the circumstantial evidence that was produced was too weak to allow a reasonable jury to conclude beyond a reasonable doubt that he possessed the contraband found in his pickup. For the reasons stated below, the Court rejects both of Defendant's arguments.

Defendant's first argument can quickly be dispatched of, as the Government does not need to present direct evidence to prove possession.[10] With regard to Defendant's second argument, the Court also finds that it lacks merit. To show that Defendant had knowledge of and access to the contraband in question, which is all that is necessary to show constructive possession,[11] the Government produced, among other things, the following pieces of evidence: (1) testimony that a cell phone box, which was slightly ajar and contained ammunition for at least two of the firearms seized, was discovered on the floorboard behind the driver's seat; (2) testimony that some of the screws that held the speakers in the speaker box were missing and that screws fitting the speaker box were found in the cubbyhole located in the front dash of the pickup; (3) testimony that an electric drill capable of removing the speaker screws was found in the backdoor on the driver's side; (4) a

---

[9] *See, e.g., United States v. Lazcano-Villalobos*, 175 F.3d 838, 843 (10th Cir. 1999).

[10] *See, e.g., United States v. Roach*, 582 F.3d 1192, 1205 (10th Cir. 2009) (finding that a reasonable jury could conclude that the defendant had possessed the contraband in question even though the government had not presented direct evidence showing possession).

[11] *See United States v. Jameson*, 478 F.3d 1204, 1209 (10th Cir. 2007).

receipt, which was found in Defendant's pickup, indicating that two products, one of which was a Chevy box, were purchased from Audio Plaza, an electronics store located near Defendant's home in California, approximately two weeks before Defendant was stopped by the KHP trooper; (5) a receipt from a UPS store located near Defendant's home in California, which was found in Defendant's pickup, showing that Defendant had shipped a package approximately ten days before he was stopped; (6) gas receipts from gas stations located in various towns between California and Kansas, which also were found in Defendant's pickup; and (7) a bill of sale indicating that Defendant had purchased the pickup in Kansas City a little over three weeks before he was stopped. Based on the bill of sale and the recovered receipts, a reasonable jury could conclude that Defendant had been in continuous control of the pickup for nearly a month. Further, based on the Audio Plaza receipt, the presence of an electric drill, and the fact that some of the screws were missing from the speaker box and screws fitting the box were located in the front-dash cubbyhole, a jury could reasonably infer that Defendant had knowledge of what was contained in the speaker box. Lastly, the Government's evidence revealing the presence of a slightly ajar cell-phone box, which contained ammunition for at least two of the firearms discovered, on the floorboard of Defendant's pickup could reasonably lead a jury to conclude that Defendant had knowledge of the fact that his vehicle contained ammunition and firearms.[12] Thus, while there was circumstantial evidence suggesting that the seller of the vehicle, unbeknownst to Defendant, planted the firearms and ammunition in the pickup, which is Defendant's theory, there was more than enough circumstantial evidence for a

---

[12]*Cf. United States v. Johnson*, 185 F. App'x 730, 737 (10th Cir. 2006) (stating that the jury could reasonably have concluded that the defendant was aware of the firearm seized in the vehicle he was riding in based on, among other things, the fact that the same ammunition that was contained in the firearm was found in a bag containing the defendant's social security card); *United States v. McKissick*, 204 F.3d 1282, 1291-92 (10th Cir. 2000) ("Officers testified the sixty-three grams of cocaine were found in plain view on the floorboard behind the driver's seat of the car. The observance of drugs in plain view is a compelling circumstance from which knowledge may be inferred.").

reasonable jury to find that Defendant had knowledge of and access to the firearms and ammunition found in his pickup. As a result, the Court will not disturb the jury's conclusion that Defendant knowingly possessed the contraband found in his vehicle.

In sum, the Court finds that a reasonable jury could have found the essential elements of the crimes Defendant was charged with beyond a reasonable doubt. Accordingly, the Court denies Defendant's motion.

**IT IS THEREFORE ORDERED** that Defendant's motion for acquittal (Doc. 87) is hereby DENIED.

**IT IS SO ORDERED**.

Dated this 11th day of July, 2011.

*[signature]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE